CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
April 01, 2026

LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| Thomas Richards, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:25-cv-00122 |
| | ) | |
| Chatbase.co | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Chatbase, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Thomas Richards filed this suit on November 12, 2025.  (Dkt. 1.)  After service was completed, Defendants filed a motion to dismiss Richards's complaint.  (Dkt. 13.)  On February 8, 2026, Richards's counsel filed a motion to withdraw from the case.  (Dkt. 20.)  On February 11, Judge Hoppe granted the motion and directed Richards to "file a notice indicating whether he intends to hire counsel or represent himself in this action" within 14 days.  (Dkt. 21.)  When Richards failed to respond, the court ordered Richards to file a status report by March 18, 2026.  (Dkt. 22.)  In that order, the court warned Richards that his case would be dismissed without prejudice should he fail to respond.  (*Id.*)  Richards failed to respond by the court's deadline.

Federal Rule of Civil Procedure 41(b) permits courts to dismiss a complaint when the Plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  A court may do so either *sua sponte* or on a motion filed by a defendant.  *Bush v. U.S.*

*Postal Serv.*, 496 F.2d 42, 44 (4th Cir. 1974); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

Here, Richards is personally responsible for his failure to respond to the court's orders, and sanctions "less drastic than dismissal"—such as imposing fines or costs against counsel—are not appropriate in this context. *See McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976) (discussing four factors for courts to consider before dismissing under Rule 41(b)). The record does not "depict a history of deliberate delay," so a "lesser sanction[] than the ultimate penalty of dismissal with prejudice" may be appropriate. *See Bush*, 496 F.2d at 44–45.

After considering the four *McCargo* factors, the court finds that dismissing this case without prejudice is appropriate, especially in light of the court's warning that dismissal would follow a failure to respond. *See, e.g.*, *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (noting that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact" and that "[a]ny other course [besides dismissal] would have placed the credibility of the court in doubt and invited abuse").

The court hereby **DISMISSES** the case without prejudice. The pending motion to dismiss, (Dkt. 13), will be **DENIED** as moot.

The Clerk is directed to close this case and send a copy of this Order to all counsel of record and to Richards.

**IT IS SO ORDERED.**

**ENTERED** this __1st__ day of April, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE